IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY WILLIAMS and<br>TERESA WILLIAMS,<br><br>    Plaintiffs,<br><br>vs.<br><br>BALBOA INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.  1:07-CV-549-WHA<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT BALBOA INSURANCE COMPANY

Defendant Balboa Insurance Company ("Balboa") responds to the Complaint in the above-styled action as follows:

1. Defendant Balboa admits the allegations in Paragraph 1.

2. Balboa admits that it issued a certificate of coverage providing certain insurance coverage for the dwelling located at 678 County Road 620, Enterprise, Alabama, including certain specified coverage against loss by fire and other perils. The certificate of coverage speaks for itself. To the extent that the allegations in the Complaint differ from the terms in the certificate, Balboa denies those allegations.

3. The certificate of coverage provided certain coverage on the dwelling from May 27, 2005 through May 27, 2006, subject to the terms of the certificate and all incorporated documents. To the extent that the allegations in the Complaint differ from the terms in the certificate, Balboa denies those claims.

4. Upon information and belief, Balboa admits that the home at 678 County Road 620, Enterprise, Alabama was damaged by fire on or about February 5, 2006.

5. Balboa admits that plaintiffs notified Balboa of the loss and that they made a claim for benefits under the policy.

6. Balboa admits that it has made payments pursuant to the coverage on the property located at 678 County Road 620, Enterprise, Alabama, and admits that it is determined that no further payment was due under the terms of the certificate. Defendant denies the remaining allegations of Paragraph 6.

7. Balboa adopts and realleges its responses to Paragraphs 1 through 5 of plaintiffs' Complaint as if fully set forth herein.

8. Balboa denies the allegations of Paragraph 8.

9. Balboa denies the allegations of Paragraph 9.

10. Balboa denies the allegations of Paragraph 10.

11. Balboa denies the allegations of Paragraph 11.

## GENERAL DENIAL

Defendant denies the allegations in plaintiffs' Complaint except to the extent expressly admitted hereinabove and denies that plaintiffs are entitled to any relief in this action.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs lack standing to bring claims under the policy.

## THIRD DEFENSE

Plaintiffs' claims are barred by failure to comply with conditions precedent to recovery under the policy.

## FOURTH DEFENSE

Balboa pleads that plaintiffs' claims are barred by payment.

## FIFTH DEFENSE

Balboa asserts that plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## SIXTH DEFENSE

Plaintiffs have failed to mitigate damages.

## SEVENTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against any defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section VI of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## EIGHTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

## NINTH DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama.

## TENTH DEFENSE

Any award of punitive damages to the plaintiffs in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States and Article 1, Section 22 of the Constitution of Alabama prohibiting laws which impair the obligation of contracts.

## ELEVENTH DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment of the Constitution of the United States.

## TWELFTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§ 13A-5-11 and 13(A)-5-12, Code of Alabama (1975), jointly and separately.

## THIRTEENTH DEFENSE

Defendant denies that it has been guilty of any conduct that would support an award of punitive damages.

## FOURTEENTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of Alabama.

### FIFTEENTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided under the Constitution of the United States.

### SIXTEENTH DEFENSE

Any award of punitive damages cannot exceed the maximum award allowed pursuant to Alabama Code § 6-11-21.

### SEVENTEENTH DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 6, 9, 11, 13, 15, and 35 of the Constitution of Alabama, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1. The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, the Defendant has not been put on

notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly;

2. The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3. The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

4. There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Alabama law;

5. The standards of conduct upon which punitive damages are sought are vague and ambiguous;

6. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

7. The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of what the law should be instead of what it is;

8. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

9. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12. The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against Defendant;

13. The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

14. An award of punitive damages provides compensation for elements of damage not otherwise recognized by Alabama law.

15. Present Alabama procedures permit awards of punitive damages that constitute excessive fines.

16. An award of punitive damages in this case would permit punishment other than by virtue of a law established and promulgated prior to the alleged offense in this case.

17. The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to the plaintiff, if any.

### EIGHTEENTH DEFENSE

The imposition of punitive damages deprives Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1 and 6, of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1. Punitive damages are sought in excess of the respective maximums established by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the cited code provisions;

2. The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4. Punitive damages are penal in nature, and the defendant, without procedural protections, is compelled to disclose documents and/or other evidence without

constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## NINETEENTH DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States as well as the Constitution of Alabama provisions set forth above.

## TWENTIETH DEFENSE

The assessment and adjudication of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

## TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and severally:

1. The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the plaintiffs;

2. The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of the defendant's property with no rationally stated purpose; and

3. Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

## TWENTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in Defendant's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article I, Sections 1, 6, 13 and 22 of the <u>Constitution of Alabama</u>.

## TWENTY-THIRD DEFENSE

Present Alabama punitive damages procedures allow the jury to punish Defendant for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the <u>Constitution of the United States</u>.

This defendant reserves the right to assert further defenses in this action as discovery progresses.

*s/Henry T. Morrissette*
HENRY T. MORRISSETTE
Bar No.: 7622-E54H

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Fax: (251) 694-6375
E-Mail: hmorrissette@handarendall.com

          STEPHEN N. FITTS, III
          Bar No.: 9079-T52F

HAND ARENDALL, LLC
2001 Park Place North, Suite 1200
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 397-1316
E-Mail: sfitts@handarendall.com

          Attorneys for Defendant Balboa Insurance
          Company

### CERTIFICATE OF SERVICE

I do certify that on **June 21, 2007**, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and request the Court to serve the same electronically, on the following counsel:

Joseph Dan Talmadge , Jr.   dtalmadge@mcatlaw.com

          *s/Henry T. Morrissette*
          OF COUNSEL

626498