IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLY WILLIAMS and<br>TERESA WILLIAMS,<br><br>    Plaintiffs,<br><br>vs.<br><br>BALBOA INSURANCE<br>COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:07-CV-549-WHA |

## REPORT OF THE PARTIES' PLANNING MEETING

COME NOW the parties to the above-captioned case, and hereby file their Report of the Parties' Planning Meeting held pursuant to FED. R. CIV. P. 26(f) and the Orders of this Court. For their report of said meeting, the parties jointly state the following:

1.  Pursuant to FED. R. CIV. P. 26(f), a conference by telephone was held on August 13, 2007, between Joseph Dan Talmadge for Plaintiffs Billy Williams and Teresa Williams, and Henry T. Morrissette for the Defendant Balboa Insurance Company.

2.  <u>Pre-Discovery Disclosures</u>. The parties will exchange by September 10, 2007, information required by FED. R. CIV. P. 26(a)(1).

3.  <u>Discovery Plan</u>.  The parties propose to the court the following discovery plan:

    a)    Discovery will be needed on the following subjects:

        (1)    Plaintiffs' standing to bring claims.

        (2)    Plaintiffs' entitlement to additional benefits under the Policies.

        (3)    Plaintiffs' damages and entitlement to recovery.

        (4)    All facts and documents relating to the claims in Plaintiffs' Complaint.

        (5)    The information submitted by plaintiffs in support of their claims.

        (6)    The liability, if any, of Defendants.

        (7)    All facts and documents relating to the affirmative defenses asserted by Defendants.

    b)    Disclosure or discovery of electronically stored information should be handled as follows:

        (1)    To the extent that electronically stored information is discoverable, such information shall be produced in a format in which it is kept as long as that format is viewable by the requesting party or in PDF form.

        (2)    The producing party will bear the costs of producing its electronically stored information, unless that party determines that the cost of such production will be unduly burdensome or unduly expensive. If the cost of such production is unduly burdensome or unduly expensive, the requesting party shall bear the costs of producing the electronically stored information.

c) All discovery commenced in time to be completed by March 16, 2008.

d) Maximum of thirty interrogatories by each party to any other party. Responses due thirty days after service.

e) Maximum of thirty requests for admission by each party to any other party. Responses due thirty days after service.

f) Maximum of thirty requests for production by each party to any other party. Responses due thirty days after service.

g) Maximum of five depositions by Plaintiff and five depositions by Defendant. Each deposition limited to a maximum of seven hours, unless extended by agreement of the parties. This limitation will not apply to Plaintiff's deposition or to Defendant's 30(b)(6) deposition.

h) Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff by December 15, 2007; and
from Defendant by January 15, 2008.

4. Other Items.

a) The parties do not request a conference with the Court before entry of the scheduling order.

b) Plaintiff should be allowed until October 30, 2007, to join additional parties and to amend the pleadings. Defendant should be allowed

until November 30, 2007, to join additional parties and to amend the pleadings.

    c)    All dispositive motions should be filed by January 22, 2008.

    d)    While the parties continue to explore the possibility of the early resolution of this case, the suitability of the case for mediation cannot be evaluated prior to further discovery.

    e)    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from each party thirty days before trial.

    f)    The parties should have ten days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    g)    The case should be ready for trial by June 2, 2008. The trial is expected to take three days.

Dated this 14th day of August, 2007.

                                */s/ Joseph Dan Talmadge, Jr.*
                                Joseph Dan Talmadge, Jr. – BY PERMISSION

OF COUNSEL:

Morris, Cary, Andrews,
Talmadge & Jones, L.L.C.
P.O. Box 1649
Dothan, Alabama 36302
Telephone: (334) 792-1420
E-mail: dtalmadge@mcatlaw.com

/s/ Henry T. Morrissette
HENRY T. MORRISSETTE
Bar No.: 7622-E54H

Attorney for Defendant Balboa Insurance Company

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Fax:        (251) 694-6375
E-Mail: hmorrissette@handarendall.com

659042