IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLY WILLIAMS and | ) | |
| TERESA WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-CV-549-WHA |
| | ) | |
| BALBOA INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO AMEND COMPLAINT

Plaintiff moves the Court to allow it to amend the complaint on the following grounds:

1.      Plaintiffs seek to amend the complaint to clarify for the court and jury that two theories of breach of contract are being pursued in this action.  Plaintiff sues defendant for breach of contract as a party to the insurance contract **and** as a third party beneficiary of the contract.  The amended complaint more clearly sets out each theory.

2.      No prejudice would result to defendant by allowing the amendment given that defendant was put on notice that the third party beneficiary theory was being pursued prior to the taking of plaintiffs' depositions.  In fact, plaintiffs' counsel discussed this amendment with defendant's counsel and defendant has no objection to the amendment itself.  Defendant does reserve the right to substantively challenge all claims made in the amendment.

3.      Plaintiffs acknowledge that the time for amending the pleadings has passed under the scheduling order entered in this case.  However, the parties have contemporaneously submitted a joint motion to extend certain scheduling order

deadlines, including the deadline to amend pleadings.  If the joint motion to extend these deadlines is granted, then this motion to amend the complaint would be timely.

WHEREFORE plaintiffs move the Court for an Order allowing them to amend the Complaint in accordance with the attached proposed First Amended Complaint and that the attached proposed form stand as the amended complaint.  The original and a copy of the proposed amendment are attached hereto per the local rules as Exhibits "A" and "B."

/s/ Dan Talmadge
Dan Talmadge (TAL013)
MORRIS, CARY, ANDREWS,
TALMADGE & JONES, LLC
P. O. Box 1649
Dothan, Alabama 36302
Tel. (334) 792-1420

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 14th day of January 2008, served a copy of the foregoing by electronic service to the following:

Henry T. Morrissette
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Stephen N. Fitts, III
HAND ARENDALL, L.L.C.
2001 Park Place North, Suite 1200
Birmingham, Alabama 35203

/s/ Dan Talmadge
Dan Talmadge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BILLY WILLIAMS and ) 
TERESA WILLIAMS, )
 )
    Plaintiffs, )
 )
v. )     Case No.: 1:07-CV-549-WHA
 )
BALBOA INSURANCE COMPANY, )
 )
    Defendants. )

## FIRST AMENDED COMPLAINT

### Count I

1.    Defendant Balboa Insurance Company (hereinafter "defendant") is a corporation, organized and existing under the laws of the State of California, and engaged in the business of issuing insurance policies.

2.    On or about May 27, 2005, defendant issued a policy of insurance insuring the home of plaintiffs Billy Williams and Teresa Williams (hereinafter "plaintiffs") located at 678 County Road 620 in Enterprise, Alabama against loss by fire and other perils.

3.    The policy provided insurance coverage to the plaintiffs for the period beginning May 27, 2005 and ending May 27, 2006.

4.    On or about February 5, 2006, plaintiffs' home was damaged by fire.

5.    Plaintiffs gave defendant notice of said loss under said policy, and made a claim for benefits thereunder.

6.    Defendant has refused to pay said claim.



PLAINTIFF'S
EXHIBIT

A

WHEREFORE, Plaintiffs demand judgment against defendant for compensatory damages, plus interest and costs.

## Count II

7.     Plaintiffs reallege paragraphs 1 through 5.

8.     Defendant has intentionally refused to pay plaintiffs' said claim under said policy and denied the same without lawful justification.

9.     Defendant's refusal to pay said claim was not based upon any reasonably legitimate, arguable, or debatable reason for denying the claim, when defendant refused to pay said claim.

10.     Defendant intentionally failed to determine whether or not there was any lawful basis for its refusal to pay said claim.

11.     Defendant acted in bad faith in refusing to pay said claim.

WHEREFORE, Plaintiffs demand judgment against defendant for compensatory and punitive damages, plus interest and costs.

## Count III

12.     Plaintiffs reallege paragraph 1.

13.     On or about May 27, 2005, defendant issued a policy of insurance insuring the home of plaintiffs Billy Williams and Teresa Williams (hereinafter "plaintiffs") located at 678 County Road 620 in Enterprise, Alabama against loss by fire and other perils to plaintiffs' mortgagee, General Motors Acceptance Corporation Mortgage (hereinafter "GMAC").

14.     The policy provided insurance coverage to GMAC for the period beginning May 27, 2005 and ending May 27, 2006.

15.     Defendant and GMAC at the time they entered into the insurance contract intended to bestow a direct benefit upon a third party.

16.     Plaintiffs were the intended beneficiaries of the insurance contact.

17.     On or about February 5, 2006, plaintiffs' home was damaged by fire.

18.     Plaintiffs and GMAC gave defendant notice of said loss under said policy, and made a claim for benefits thereunder.

19.     Defendant has refused to pay said claim, thus breaching the insurance contract.

WHEREFORE, Plaintiffs demand judgment against defendant for compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, plus interest and costs.

/s/ Dan Talmadge
Dan Talmadge (TAL013)
MORRIS, CARY, ANDREWS,
TALMADGE & JONES, LLC
P. O. Box 1649
Dothan, Alabama 36302
Tel. (334) 792-1420

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury.

/s/ Dan Talmadge

CERTIFICATE OF SERVICE

I hereby certify that I have this 14th day of January 2008, served a copy of the foregoing by electronic service to the following:

Henry T. Morrissette
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Stephen N. Fitts, III
HAND ARENDALL, L.L.C.
2001 Park Place North, Suite 1200
Birmingham, Alabama 35203

/s/ Dan Talmadge
Dan Talmadge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLY WILLIAMS and<br>TERESA WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-CV-549-WHA |
| | ) | |
| BALBOA INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### Count I

1.     Defendant Balboa Insurance Company (hereinafter "defendant") is a corporation, organized and existing under the laws of the State of California, and engaged in the business of issuing insurance policies.

2.     On or about May 27, 2005, defendant issued a policy of insurance insuring the home of plaintiffs Billy Williams and Teresa Williams (hereinafter "plaintiffs") located at 678 County Road 620 in Enterprise, Alabama against loss by fire and other perils.

3.     The policy provided insurance coverage to the plaintiffs for the period beginning May 27, 2005 and ending May 27, 2006.

4.     On or about February 5, 2006, plaintiffs' home was damaged by fire.

5.     Plaintiffs gave defendant notice of said loss under said policy, and made a claim for benefits thereunder.

6.     Defendant has refused to pay said claim.



PLAINTIFF'S
EXHIBIT

B

WHEREFORE, Plaintiffs demand judgment against defendant for compensatory damages, plus interest and costs.

## Count II

7.    Plaintiffs reallege paragraphs 1 through 5.

8.    Defendant has intentionally refused to pay plaintiffs' said claim under said policy and denied the same without lawful justification.

9.    Defendant's refusal to pay said claim was not based upon any reasonably legitimate, arguable, or debatable reason for denying the claim, when defendant refused to pay said claim.

10.    Defendant intentionally failed to determine whether or not there was any lawful basis for its refusal to pay said claim.

11.    Defendant acted in bad faith in refusing to pay said claim.

WHEREFORE, Plaintiffs demand judgment against defendant for compensatory and punitive damages, plus interest and costs.

## Count III

12.    Plaintiffs reallege paragraph 1.

13.    On or about May 27, 2005, defendant issued a policy of insurance insuring the home of plaintiffs Billy Williams and Teresa Williams (hereinafter "plaintiffs") located at 678 County Road 620 in Enterprise, Alabama against loss by fire and other perils to plaintiffs' mortgagee, General Motors Acceptance Corporation Mortgage (hereinafter "GMAC").

14.    The policy provided insurance coverage to GMAC for the period beginning May 27, 2005 and ending May 27, 2006.

15. Defendant and GMAC at the time they entered into the insurance contract intended to bestow a direct benefit upon a third party.

16. Plaintiffs were the intended beneficiaries of the insurance contact.

17. On or about February 5, 2006, plaintiffs' home was damaged by fire.

18. Plaintiffs and GMAC gave defendant notice of said loss under said policy, and made a claim for benefits thereunder.

19. Defendant has refused to pay said claim, thus breaching the insurance contract.

WHEREFORE, Plaintiffs demand judgment against defendant for compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, plus interest and costs.

/s/ Dan Talmadge
Dan Talmadge (TAL013)
MORRIS, CARY, ANDREWS,
TALMADGE & JONES, LLC
P. O. Box 1649
Dothan, Alabama 36302
Tel. (334) 792-1420

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury.

/s/ Dan Talmadge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 14th day of January 2008, served a copy of the foregoing by electronic service to the following:

Henry T. Morrissette
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Stephen N. Fitts, III
HAND ARENDALL, L.L.C.
2001 Park Place North, Suite 1200
Birmingham, Alabama 35203

/s/ Dan Talmadge
Dan Talmadge