IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BILLY WILLIAMS, et al.**      )<br>)<br>    Plaintiffs,          )<br>)<br>v.                               )<br>)<br>**BALBOA INSURANCE COMPANY,** )<br>)<br>    Defendant.          ) | Civil Action No. 1:07-CV-549-WHA |

### PLAINTIFFS' BRIEF ON SUBJECT MATTER JURISDICTION

In response to the Court's March 26, 2008 Order directed the parties to submit briefs on the issue of subject matter jurisdiction, plaintiff submits the following:

1.  Plaintiffs' first amended complaint alleged claims for breach of an insurance contract as a party to the contract, bad faith failure to pay an insurance claim and breach of an insurance contract as a third party beneficiary.  (See Doc. 12.)

2.  Plaintiffs claim entitlement to the defendant's insurance policy limits, which the defendant has represented to be $32,311.00, mental anguish damages and punitive damages. (See Pl.'s First Amend. Initial Disclosures attached hereto as Ex. "A.")

3.  Mental anguish damages are recoverable in a breach of contract action under Alabama law if "the contractual duties imposed by the contract are so coupled with matters of mental solitude as to the duty that is owed, that a breach of that duty will necessarily or reasonably result in mental anguish."  Independent Fire Ins. Co. v. Lunsford, 621 So. 2d 977 (Ala. 1993).  The Alabama Supreme Court has allowed mental anguish for breach of contract in a case involving the denial of an insurance claim for windstorm damage to the awning of a plaintiff's mobile home.  Id.

4.     Mental anguish damages and punitive damages are also recoverable in an action for bad faith failure to pay an insurance claim. See Nat'l Ins. Ass'n v. Sockwell, 829 So. 2d 111, 133-141 (Ala. 2002).

5.     Plaintiffs seek an unspecified amount of damages to be determined by a jury. (See Doc. 12.)

6.     Plaintiff's counsel admits having sent a post-removal settlement demand letter to defendant's counsel that sought an amount in excess of this Court's minimum jurisdictional limits. The effect of such a letter on the issue of subject matter jurisdiction is set forth in Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp 2d 1329 (M.D. Ala. 2008).

/s/ Dan Talmadge
Dan Talmadge (TAL013)
Attorney for Plaintiffs
MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS, LLC
Post Office Box 1649
Dothan, Alabama 36302
Telephone:  (334) 792-1420
Facsimile:  (334) 673-0077
E-mail:  dtalmadge@mcatlaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on April 3, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and request that the Court serve the same electronically, on the following counsel:

Henry T. Morrissette         hmorrissette@handarendall.com
Stephen Fitts                sfitts@handarendall.com

/s/ Dan Talmadge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY WILLIAMS and <br> TERESA WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> BALBOA INSURANCE COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:07-CV-549-WHA <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' FIRST AMENDED INITIAL DISCLOSURES

Plaintiffs amend paragraph "c" of their initial disclosures as follows:

"c.   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 document or other evidentiary material, not privileged or protected form disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiffs are entitled to recover defendant's insurance policy limits. Defendant has represented those limits to be $32,311.00, but discovery is ongoing as to amount of limits. Plaintiffs are entitled to recover mental anguish damages for defendant's breach of contract and bad faith refusal to investigate and pay the claim. Plaintiffs are entitled to recover extra-contractual damages, including punitive damages, for defendant's bad faith refusal to investigate and pay the claim. The exact amount of plaintiffs' damages are to be determined by the jury."

Plaintiffs adopt and incorporate the remainder of the initial disclosures as if set out here in full.

_____
Dan Talmadge (TAL013)
Attorney for Plaintiff
MORRIS, CARY, ANDREWS
TALMADGE, JONES & DRIGGERS, LLC
Post Office Box 1649
Dothan, Alabama 36302
Telephone: (334) 792-1420
Facsimile: (334) 673-0077
Email: dtalmadge@mcatlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of February 2008, served a copy of the foregoing by electronic service or by placing a copy of same in the United States mail, postage prepaid and addressed properly to the following:

Henry T. Morrissette
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Stephen N. Fitts, III
HAND ARENDALL, L.L.C.
2001 Park Place North, Suite 1200
Birmingham, Alabama 35203

_____
Dan Talmadge