**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BILLY WILLIAMS, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:07-CV-549-WHA** |
| | ) | |
| **BALBOA INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S**
**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs submit the following brief in response to the Court's April 7, 2008 Order

directing plaintiffs to address whether Alabama Code § 27-14-4 applies to define the term

"insurable interest" as used in the insurance policy and, if so, whether application of the statutory

term does or does not resolve this case in favor of defendant:

**A.      Applicability of Alabama Code § 27-14-4 to the Policy**

Alabama Code § 27-14-4 provides as follows:

(a)  No contract of insurance of property or of any interest in property, or arising
from property, shall be enforceable as to the insurance except for the benefit of
persons having an insurable interest in the things insured as at the time of loss.

(b)  "Insurable interest", as used in this section, means any actual, lawful and
substantial economic interest in the safety or preservation of the subject of the
insurance free from loss, destruction or pecuniary damage or impairment.

(c)  The measure of an insurable interest in property is the extent to which the
insured might be damnified by loss, injury or impairment thereof.

Ala. Code § 27-14-4 (1975).

The purpose of this section is not to define the term "insurable interest" for its use in an

insurance policy, but rather, to define who can legally insure property without engaging in an

impermissible wagering contract. "[A] policy of insurance is void ab initio, unless the insured has an insurable interest in the property, and the reason for the rule most commonly assigned is that if the insured has no insurable interest in the property insured, the insured is wagering that a loss or damage to the property will occur and the insurer is wagering that it will not, thereby supplying the insured with an incentive to injure or destroy the insured property, which is against public policy." National Sec. Fire & Casualty Ins. v. Brannon, 253 So. 2d 777, 781 (Ala. Civ. App. 1971). Whether GMAC or plaintiffs had the legal right to insure the plaintiffs' home is not an issue in this case. The issue is whether the term "insurable interest" as used in defendant's policy is ambiguous and thus to be construed against defendant.

"In determining whether the language of a contract is ambiguous, courts construe the words according to 'the interpretation ordinary men would place on the language used therein.'" Liggans R.V. Center v. John Deere Ins. Co., 575 So. 2d 567, 569 (Ala. 1991). "The words are given the meaning that 'persons with a usual and ordinary understanding' would place on the words." Id. "'An insurance policy should be read as a layman would read it and not as it might be analyzed by an attorney or insurance expert.'" Id. quoting Appleman, Insurance Law and Practice, Rev. Vol. 13 § 7384, pp. 30-103 (1976). "The court should not define words it is construing based on technical or **legal terms**." Safeway Ins. Co. of Alabama, Inc. v. Herrera, 912 So. 2d 1140, 1144 (Ala. 2005) (emphasis added).

The Alabama Supreme Court refused to adopt the statutory definition of terms when interpreting insurance policies in Safeway and Liggans. In Safeway, the Court held that the statutory definition of the term "forcible entry" found at Ala. Code § 6-6-310 was not to be used to define that term in an insurance policy. Id. at 1143-1144. In Liggans, the Court held that the

statutory definition of the term "theft" found at Ala. Code § 13A-8-2 was not to be used to define

that term in an insurance policy. Id. at 570-571.

Based on the foregoing, the statutory definition of the term "insurable interest" found at

Ala. Code § 27-14-4 is not to be used to define that term in defendant's insurance policy. That

term is to be given the meaning ordinary men and women would place upon it. The ordinary

men and women involved in this case interpreted the term "insurable interest" as encompassing

only the principal balance on the loan.

The policy provides that plaintiffs, identified generically as "borrower" in the definitions

section and specifically on the evidence of insurance, are additional insureds with respect to any

residual amounts of insurance over and above GMAC's "insurable interest." (Ex. 1 to Nelson

dep. at Balboa 0008.) GMAC sent a letter to plaintiffs stating that the insurance coverage would

be sufficient to insure the "principal balance" of plaintiffs' loan. (Ex. 13 to T. Williams dep.) At

the very beginning of the claim, Tancy Nelson determined that the "secured balance" on the loan

was $31,951.07—an amount which was less than the policy limits. (Ex. 1 to Nelson dep. at

Balboa 00022.) GMAC records reflect that $31,951.07 was, in fact, the amount of the principal

balance of the loan. (Ex. 20 to T. Williams dep., GMAC 0046.) Nelson, on more than one

occasion, referred to plaintiffs in writing as "insureds." (Ex. 1 to Nelson dep. at Balboa 00078-

00079; 00107-00108.) According to Nelson, plaintiffs could only be "insureds" if defendant's

"insurable interest" was less than the policy limits. (Nelson dep. at 60:1-25; 61:1-22.)

B.     **Effect of Applying Alabama Code § 27-14-4 to the Policy**

As stated above, Alabama Code § 27-14-4 does not apply to this case. However,

assuming for the sake of argument that it does, plaintiff claims still survive.

3

First, as set forth in Plaintiffs' Statement in Opposition to Defendant's Motion for Summary Judgment, plaintiffs were third party beneficiaries of the contract between GMAC and defendant. There is substantial evidence that defendant breached its contract with GMAC by failing to pay what was owed on the policy. Defendant's failure to pay GMAC directly affected plaintiffs because the money paid to GMAC was to be used to repair plaintiffs' property. This was the parties' intent from the outset. Plaintiffs' third party beneficiary claim survives on the authority of Mutual Benefit Health & Accident Ass'n of Omaha v. Bullard, 120 So. 2d 714 (Ala. 1960) and the other cases cited in Plaintiffs' Statement in Opposition to Defendant's Motion for Summary Judgment. The failure of Count One alleging breach of a contract between plaintiffs and defendant does not mandate the failure of Count Three alleging a third party beneficiary theory. Plaintiffs are entitled to recover all damages they incurred as a proximate result of defendant's breach of contract with GMAC, including mental anguish.

Second, plaintiffs were not given a copy of the insurance policy describing the conditions of coverage before the fire. (Ex. 1 to Nelson dep. at Balboa 00110.) Alabama Code § 27-14-19 requires that "every [insurance] policy shall be mailed or delivered to the insured or to the person entitled thereto within a reasonable period of time after its issuance, except where a condition required by the insurer has not been met by the insured." Ala. Code § 27-14-19 (a) (1975). "When an insurer has not complied with Ala. Code § 27-14-19 and its failure to comply has prejudiced the insured, the insurer may be estopped from asserting an otherwise valid coverage exclusion." Brown Machine Works & Supply Company, Inc. v. Insurance Company of North America, 659 So. 2d 51, 58 (Ala. 1995). Plaintiffs were within the class of persons entitled to receive a copy of the policy, but did not. Since defendant did not put plaintiff on notice of the

4

conditional nature of the insurance coverage, it should be estopped from denying plaintiffs'

claim regardless of the application of Alabama Code § 27-14-4.

WHEREFORE plaintiffs request that the Court enter an Order denying defendant's

Motion for Summary Judgment.


/s/ Dan Talmadge
Dan Talmadge (TAL013)
Attorney for Plaintiffs
MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS, LLC
Post Office Box 1649
Dothan, Alabama 36302
Telephone:  (334) 792-1420
Facsimile:  (334) 673-0077
E-mail:  dtalmadge@mcatlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on April 14, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and request that the Court serve the same electronically, on the following counsel:

Henry T. Morrissette          hmorrissette@handarendall.com
Stephen Fitts                 sfitts@handarendall.com


/s/ Dan Talmadge