IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY WILLIAMS and<br>TERESA WILLIAMS,<br><br>   Plaintiffs,<br><br>vs.<br><br>BALBOA INSURANCE COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)       CASE NO.    1:07-CV-549-WHA<br>)<br>)<br>)<br>) |

**MOTION FOR LEAVE TO REPLY TO PLAINTIFFS' BRIEF
IN RESPONSE TO THE COURT'S APRIL 7, 2008 ORDER**

Defendant Balboa Insurance Company hereby requests leave of the Court to file the attached reply to plaintiffs' response to the Court's April 7, 2008 order. As grounds therefore, defendant states the following:

In its April 7, 2008 order, the Court directed plaintiffs to file a brief to address specific issues referenced by the Court in this order. Plaintiffs have filed a brief in accordance with that order setting forth some additional arguments on Balboa's motion for summary judgment. Balboa, as the moving party, seeks an opportunity to reply to these additional arguments.

Accordingly, Balboa requests leave of this Court to file a reply brief, which is attached as Exhibit A hereto.

Respectfully submitted,

*s/Henry T. Morrissette*
HENRY T. MORRISSETTE
Bar No.: 7622-E54H

- 1 -

- 2 -

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Telephone:     (251) 432-5511
Fax:              (251) 694-6375
E-Mail: hmorrissette@handarendall.com

          STEPHEN N. FITTS, III
          Bar No.: 9079-T52F

HAND ARENDALL, LLC
2001 Park Place North, Suite 1200
Birmingham, Alabama  35203
Telephone:  (205) 324-4400
Facsimile:   (205) 397-1316
E-Mail: sfitts@handarendall.com

          Attorneys for Defendant Balboa Insurance Company

### CERTIFICATE OF SERVICE

I do certify that on **April 17, 2008**, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and request the Court to serve the same electronically, on the following counsel:

Joseph Dan Talmadge , Jr.    dtalmadge@mcatlaw.com

          *s/Henry T. Morrissette*
          OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY WILLIAMS and<br>TERESA WILLIAMS,<br><br>    Plaintiffs,<br><br>vs.<br><br>BALBOA INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.  1:07-CV-549-WHA<br>)<br>)<br>)<br>) |

**BALBOA INSURANCE COMPANY'S REPLY TO PLAINTIFFS' BRIEF IN
RESPONSE TO THE COURT'S APRIL 7, 2008 ORDER**

Plaintiffs filed a brief in response to the Court's April 7, 2008 order on April 14, 2008. Defendant Balboa Insurance Company ("Balboa") submits this reply to plaintiffs' brief.

I.    **GMAC's "Insurable Interest" Exceeds the Coverage Limits Under the Policy.**

Under the undisputed material facts of this case, GMAC's "insurable interest" in the property exceeds the coverage limits under the policy. Plaintiffs do not dispute that the full amount owed to GMAC by plaintiffs at the time of the fire was $43,041.07 and that they have made no further payments since the date of the fire. (Declaration of Scott Zeitz, ¶¶3-4, Exhibit 3 to Balboa's initial evidentiary submissions). Furthermore, plaintiffs do not dispute that GMAC's mortgage on the property clearly secures the full amount owed on the loan and not just the principal amount of the loan. (Mortgage, GMAC 0101). Plaintiffs further acknowledge that Alabama Code § 27-14-4, part of the Alabama Insurance Code, provides the definition of

**EXHIBIT A**

"insurable interest" to be used to determine whether someone has a sufficient insurable interest to enforce the contract of insurance and the measure of that insurable interest.

Despite these undisputed material facts, plaintiffs argue that Alabama Code § 27-14-4 should not be used to construe the phrase "insurable interest" in the insurance policy. There is no legitimate basis for plaintiffs' argument. Alabama Code §27-14-4 is contained within the Alabama Insurance Code within the chapter governing "the insurance contract." Furthermore, the Alabama Insurance Code recognizes that insurance policies shall be construed in accordance with the statutory provisions in the Insurance Code. Ala. Code § 27-14-16.

This statutory definition of "insurable interest" from the Alabama Insurance Code has been used by the courts to determine who has a right to recover under an insurance policy and the amount of that recovery. *See, e.g., In Re: Suter*, 181 B.R. 116 (Bankr. N.D. Ala. 1994) (citing Ala. Code. §27-14-4 as the basis for holding that the insurance proceeds were payable to the secured creditor as the loss payee to the extent of the secured creditor's lien, which represents the secured creditor's insurable interest in the debtor's property).

As defined in the statute and under any other reasonable understanding of the phrase, GMAC's insurable interest is equal to the amount of money secured by its mortgage and that is the definition that should be applied to the term "insurable interest" in construing the policy.

Plaintiffs argue that this Court should ignore the Alabama Insurance Code's statutory definition of "insurable interest," which is found in the "insurance contract" section of the Insurance Code. In support of that argument, plaintiffs cite two cases in which an insured sought to argue that a policy term was ambiguous by going to other parts of the Alabama Code, unrelated to insurance law, to find language utilized in other contexts to support its argument. In *Liggans R.V. Ctr. v. John Deer Insurance Co.*, 575 So.2d 567 (Ala. 1991), the insured argued

that a definition from the Alabama Criminal Code should be used by the court to construe the policy as ambiguous. In rejecting that effort, the court found that the policy language was unambiguous and that there was no need to refer to statutory criminal definitions. *Liggans R.V. Ctr.*, 575 So.2d at 571. In *Safeway Ins. Co. v. Herrera*, 912 So.2d 1140 (Ala. 2005), the court rejected an argument by an insured under an automobile policy that a definition in the Alabama tort law relating to trespass onto real estate should be applied by the court to find that a policy exclusion was ambiguous.

Both of these cases are obviously distinguishable because the statutory provisions referenced were completely unrelated to insurance law and neither of these cases supports the proposition that a statute defining "insurable interest" in the "insurance contract" chapter of the Alabama Insurance Code should not be applied to define the extent of GMAC's insurable interest. It would be completely unreasonable to utilize the definition to evaluate the extent of GMAC's "insurable interest" for purposes of determining GMAC's legal right to enforce the policy, but then to hold that definition would be inapplicable in construing the policy language to determine who had the right to recover under the policy. Plaintiffs have provided absolutely no analogous authority holding that provisions in the Alabama Insurance Code relating to the "insurance contract" should not be used to construe the policy provisions containing those terms.

Beyond the statutory definition for "insurable interest," plaintiffs' argument regarding the definition of "insurable interest" is also fundamentally flawed because it wrongly assumes, without explanation, that the term "insurable interest" is ambiguous. Alabama law is clear that the mere fact that a word or phrase used in an insurance policy is not defined in the policy, does not mean the word or phrase is ambiguous. *Liggans R.V. Ctr.*, 575 So.2d at 570.

Moreover, plaintiffs fail to cite any instance where the term "insurable interest" has been held to be ambiguous and fail to cite any definition or other context in which the term "insurable interest" has been limited to the principal amount of a loan when, as here, the mortgagee's interest clearly encompasses the entire amount owed on the mortgage. To the contrary, the American Heritage College Dictionary defines "interest" as "a right, claim, or legal share." The American Heritage College Dictionary 708 (3d ed. 1993). Here, the mortgage, which was signed by the plaintiffs, provides that the mortgage on the property, i.e. GMAC's "right, claim, or legal share," secures the full amount owed on the loan and not just the principal amount owed on the loan. (Mortgage, GMAC0101, relevant part in Balboa's earlier reply brief). The language in the mortgage further provides that "If borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property. (GMAC0103). There is no basis in the law, in the language of the mortgage itself, or in any source referenced by plaintiffs, for construing the term "insurable interest" as being ambiguous, let alone as being plausibly defined to be limited to the "principal" of the loan. The only reasonable way to construe the lender's insurable interest or rights in the property is the full amount secured by the mortgage. As noted above, it is undisputed in this case that this amount exceeds the coverage limits of the insurance.

Contrary to plaintiffs' insinuation, there is no evidence where anyone involved in this case defined or interpreted the term "insurable interest" as being limited to the principal amount of the loan.[1]

---

[1] Tancy Nelson's mistaken reference to Billy Williams as "insured" in the reference section of a letter certainly does not provide any evidence that Tancy Nelson considered GMAC's "insurable interest" to be limited to the principal balance on the mortgage. As set forth in Balboa's reply brief, it is undisputed that this was a mistake due to the use of a template for letters and that she did not believe that Mr. Williams was the insured. (Tancy Nelson Depo., p.65, ln. 9).

## II. This Court Should Also Reject Plaintiffs' Alternative Arguments.

First, Balboa's earlier reply brief extensively and conclusively addresses the fact that plaintiffs cannot recover as third-party beneficiaries under the contract. *See also Surrett v. TIG Premier Ins. Co.*, 869 F.Supp. 919, 924 (M.D. 1994) (holding that a borrower was not a third-party beneficiary of a contract between a lender and collateral protection insurer that had issued a policy to the lender). Plaintiffs' most recent brief fails to address any of those reasons why plaintiffs are not intended third-party beneficiaries in this case.

This Court should also reject plaintiffs' argument that the alleged failure to deliver the policy to them excuses the fact that plaintiffs lack standing to bring claims under the contract. The law relating to the delivery of the policy, even if it were applicable here, only applies to potentially estop the insurer "from asserting an otherwise valid coverage exclusion." *Brown Machine Works and Supply, Inc. v. Insurance Co. of North America*, 659 So.2d 51,55 (Ala. 1995). There is no "coverage exclusion" at issue in this case. Instead, plaintiffs lack standing because they are not named insureds or additional insureds under the coverage provisions of the policy and the facts of this case. They also have no right to payment under the loss payment provision in the policy. There is no authority holding that a failure to deliver the policy can convert someone who is not an insured or an additional insured under the policy into a person having standing to bring suit on the contract.[2]

Furthermore, plaintiffs cite no basis for their statement that "plaintiffs were within the class of persons entitled to receive a copy of the policy." Even if the statute were applicable, *Brown Machine Works* clearly limits its holding as to the requirement of policy delivery to the

---

[2] Even when applicable, the law relating to the delivery of the policy also requires a showing of prejudice, and plaintiffs have made no such showing here. *Brown Machine Works and Supply, Inc. v. Insurance Co. of North America*, 659 So.2d 51,55 (Ala. 1995).

purchaser of the policy (in this case GMAC) and the policy's named insured (again GMAC). *Brown Machine Works*, 659 So.2d at 59. The court in *Brown Machine Works* did not decide the extent to which anyone else was entitled to receive notice, and plaintiffs have failed to provide any authority that someone who was not the purchaser of the contract, the named insured under the contract, or even an additional insured under the facts of this case, would be entitled to delivery of the policy. In fact, there is authority to the contrary. *Surrett v. TIG Premier Ins. Co.*, 869 F.Supp. at 925 (an automobile buyer whose lender purchased a lender protection policy was not an "insured" or "entitled person" within the meaning of the statute requiring delivery of the policy).

For the above reasons, plaintiffs' argument relating to the delivery of the policy has no validity and should be rejected by this Court.

### III.   Conclusion

For the above reasons and the reasons set forth in Balboa's earlier briefing, this Court should grant Balboa's motion for summary judgment as to each of plaintiffs' claims.

Respectfully submitted,

*s/Henry T. Morrissette*
HENRY T. MORRISSETTE
Bar No.: 7622-E54H

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Telephone:   (251) 432-5511
Fax:              (251) 694-6375
E-Mail: hmorrissette@handarendall.com

STEPHEN N. FITTS, III
Bar No.: 9079-T52F

HAND ARENDALL, LLC
2001 Park Place North, Suite 1200
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 397-1316
E-Mail: sfitts@handarendall.com

Attorneys for Defendant Balboa Insurance Company

## CERTIFICATE OF SERVICE

I do certify that on_____, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and request the Court to serve the same electronically, on the following counsel:

Joseph Dan Talmadge , Jr.   dtalmadge@mcatlaw.com


*s/Henry T. Morrissette*
OF COUNSEL

742796

- 7 -