IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLY WILLIAMS and | ) | |
| TERESA WILLIAMS, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.  1:07-CV-549-WHA |
| | ) | |
| BALBOA INSURANCE COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

**PRETRIAL ORDER**

A pretrial hearing was held in this case on April 21, 2008 wherein the following proceedings were held and the following actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

   Joseph Dan Talmadge, Jr., Esq.
   Morris, Cary, Andrews, Talmadge & Jones, L.L.C.
   P.O. Box 1649
   Dothan, Alabama 36302
   (334) 792-1420
   For Plaintiffs Billy and Teresa Williams

   Henry T. Morrissette, Esq.
   Hand Arendall LLC
   Post Office Box 123
   Mobile, Alabama  36601
   Telephone:     (251) 432-5511
   E-Mail: hmorrissette@handarendall.com

   Stephen N. Fitts, III, Esq.
   Hand Arendall LLC
   2001 Park Place North, Suite 1200
   Birmingham, Alabama  35203
   Telephone:  (205) 324-4400
   E-Mail: sfitts@handarendall.com
   For Defendant Balboa Insurance Company

   **COUNSEL APPEARING AT PRETRIAL HEARING:**

Dan Talmadge for Plaintiffs

Henry Morrissette for Balboa Insurance Company

2. **JURISDICTION AND VENUE:**

The parties have no dispute with respect to this Court's subject matter jurisdiction and venue.

3. **PLEADINGS:**

The following pleadings and amendments were allowed: complaint, answer, amended complaint, and answer to that amended complaint have been allowed in this case.

Balboa's Motion for Summary Judgment is also currently pending before the court.

4. **CONTENTIONS OF THE PARTIES:**

   a. **The plaintiff(s):**

   On or about May 27, 2005, defendant issued a policy of insurance insuring the home of plaintiffs Billy and Teresa Williams located at 678 County Road 620 in Enterprise, Alabama against loss by fire and other perils to plaintiffs' mortgagee, General Motors Acceptance Corporation Mortgage ("GMAC"). Defendant never provided plaintiffs with a copy of the policy before the filing of this action. Both plaintiffs and GMAC were insureds under the policy. The policy provided insurance coverage for the period of time beginning May 27, 2005 and ending May 27, 2006. Defendant and GMAC at the time they entered into the insurance contract intended to bestow a direct benefit upon Plaintiffs in that the insurance proceeds were to be used to repair Plaintiffs' property. Plaintiffs were intended third party beneficiaries of the insurance contract between defendant and GMAC.

   On or about February 5, 2006, Plaintiffs' home was damaged by fire. Plaintiffs and GMAC gave defendant notice of said loss under said policy, and made a claim for benefits thereunder. Defendant has refused to pay the full amount of said claim. Defendant's refusal to pay the full amount of said claim was not based upon any reasonably legitimate, arguable or debatable reason for denying the claim. Defendant intentionally failed to determine whether or not there was any lawful basis for its refusal to pay the full amount of said claim. Defendant acted in bad faith and has breached the insurance contract by refusing to pay the full amount of said claim.

Plaintiffs allege claims for breach of contract as insureds under the contract, bad faith refusal to investigate and pay the claim, and breach of contract as a third party beneficiary. Plaintiffs further assert that defendant is estopped from denying the insurance claim because it failed to provide Plaintiffs with a copy of the policy. Plaintiffs claim compensatory damages, including mental anguish damages, as a result of Defendant's breach of contract. Plaintiffs claim punitive damages and compensatory damages, including mental anguish damages, as a result of Defendant's bad faith refusal to investigate and pay the claim.

The allegations of the Plaintiffs' First Amended Complaint are incorporated herein as set out in full.

**b. The defendant(s) defenses:**

(1.)   Plaintiffs lack standing to bring this action because plaintiffs are not named insureds or additional insureds under the policy and the undisputed material facts in this case. Furthermore, plaintiffs are not entitled to any payment under the policy contract, which provides a payment to GMAC, the named insured.

(2.)   Plaintiffs cannot recover as intended third party beneficiaries under the policy.

(3.)   Plaintiffs are not entitled to any recovery under the terms of the policy contract.

(4.)   Plaintiffs are not named insureds under the contract and are not additional insureds under the contract. Furthermore, under the policy's payment provision, there is no obligation to pay benefits to plaintiffs. GMAC is the only insured in the policy and the only entity designated as being entitled to benefits. According to Alabama law, there is no basis for plaintiffs to state a valid bad faith claim or to recover under such a claim.

(5.)   Even if the non-party to the policy contract with no right to benefits under the policy language could somehow state a bad faith claim, there is insufficient evidence to sustain a bad faith claim under the undisputed facts of this case. Balboa clearly had an arguable reason for refusing to pay the amount of the itemized estimate submitted by plaintiffs. Furthermore, Balboa considered all of the information submitted and subjected the itemized estimate provided by plaintiffs to cognitive evaluation. Plaintiffs have further failed to satisfy additional elements of a bad faith claim under Alabama laws, including failing to provide any evidence that Balboa had a dishonest purpose as required under Alabama bad faith law.

(6.)   Even assuming arguendo that plaintiffs had some basis to recover under the contract, plaintiffs have failed to comply with the conditions precedent

to allow them to recover additional amounts for recoverable depreciation and overhead and profit.

(7.)    Plaintiffs have failed to mitigate their damages in this case.

(8.)    Defendant adopts and incorporates the denials and defenses set forth in its answer to Plaintiff's First Amended Complaint.

(9.)    Defendant adopts and incorporates affirmative defenses nine through twenty-five in their answer to Plaintiffs' First Amended Complaint, which assert that an award of mental anguish and punitive damages would violate the Constitution of Alabama of 1901 and the Constitution of the United States.

**5.    STIPULATIONS BY AND BETWEEN THE PARTIES:**

1. The parties stipulate that the applicable policy is the Lender's Protection Policy, Balboa 00001 through Balboa 00021.

2. The parties stipulate that the claim file Bates labeled Balboa 00001 through Balboa 00115 is a true and correct copy of the claim file maintained by Balboa in the ordinary course of its business.

3. The parties stipulate that the Declaration of Scott Zeitz can be submitted into evidence as GMAC's testimony as to the amount owed on plaintiffs' loan at the time of the fire.

It is ORDERED that:

1. The jury selection and trial of this cause, which is to last three (3) days, are set for June 11, 2008, at 10:00 a.m. at the United States Courthouse in Dothan, Alabama.

2. A trial docket will be mailed to counsel for each party approximately four (4) weeks prior to the start of the trial term.

3. Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits.

4. **IF REQUIRED:** Trial briefs are required to be filed by **May 28, 2008.**

5. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #8), entered by the court on August 17, 2007.

It is ORDERED by this Court that all of the above-named allowances and agreements be and the same are hereby binding upon all parties in the above-styled cause unless this Order be hereafter modified by Order of the Court.

DONE this 21st day of April, 2008.

/s/ W. Harold Albritton_____
W. Harold Albritton
Senior U.S. District Judge